IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT LOHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5285-P-BN |
| | § | |
| ELLIS COUNTY JAIL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Scott Lohman, proceeding *pro se*, brings this civil rights action alleging that his legal mail was improperly opened by Ellis County Jail officials and that he was denied access to a law library in connection with a state criminal case, denying his access to court, and that Ellis County Jail officials were deliberately indifferent to his serious medical needs by refusing him necessary surgery and medication. On December 28, 2012, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to

-1-

prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. Written interrogatories then were sent to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 7. Plaintiff answered the interrogatories on February 15, 2013. *See* Dkt. No. 11.

In his complaint and interrogatory responses, Plaintiff accuses Officer J. Pillow of improperly opening his legal mail on or about January 28, 2012, in violation of Texas jail standards. *See* Dkt. No. 3 at 4; Dkt. No. 11 at Question 7. When he sought to pursue criminal charges against Officer Pillow, Plaintiff alleges that Lieutenant Calender, Captain Terry Ogden, and Ellis County Jail refused to hold him accountable for his misconduct. Dkt. No. 3 at 3; Dkt. No. 11 at Questions 3, 5. Plaintiff also alleges that he was denied permission by Lieutenant Calendar to research his criminal case in the law library. Dkt. No. 11 at Questions 5, 9, & 11. Finally, Plaintiff claims that Dr. Porter denied him needed medication and hernia surgery, which resulted in the exacerbation of his medical condition, physical pain, and stress. *See* Dkt. No. 11 at Questions 1, 4, 6, 9, & 10.

The Court now determines that Plaintiff's claims against the Ellis County Jail, Lieutenant Calender, Captain Ogden, and Officer Pillow should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be permitted to proceed on his denial of medical care claim against Dr. Porter.

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

*Claims Against Ellis County Jail*

Plaintiff's claims against the Ellis County Jail should be summarily dismissed. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes,* No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Ellis County Jail is not a legal entity capable of being sued. *See Moore v. Texas*, No. 3:11-cv-749-M-BH, 2011 WL 6968294, at *3 (N.D. Tex. Dec. 14, 2011), *rec. adopted,* 2012 WL 75744 (N.D. Tex. Jan. 10, 2012) (finding that Ellis County Jail is not a jural entity capable of being sued); *see also Gibson v. Dallas County Jail System,* No. 3:07-cv-490-L, 2007 WL 1576264, at *2 (N.D. Tex. May 31, 2007) (same as to Dallas County Jail).

*Supervisory Liability Claims*

Similarly, Plaintiff's claims against Lieutenant Calender and Captain Ogden should be dismissed. Both claims arise from Plaintiff's belief that those Defendants should be held responsible for failing to respond to his grievances. *See* Dkt. No. 11 at Questions 3 & 5. A supervisor is liable only if she: (1) affirmatively participated in acts

that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not contend that Lieutenant Calender or Captain Ogden personally opened his legal mail or denied him medical treatment – the alleged constitutional deprivations made the basis of this suit. *See* Dkt. No. 11 at Questions 3 & 5. Instead, Plaintiff urges that these officials should be held responsible for the conduct of Officer Pillow and Dr. Porter or failing to assure that either individual was held responsible for their conduct. *See id.* Allegations of that nature do not give rise to supervisory liability under 42 U.S.C. § 1983. *See Mitchell v. Valdez,* No. 3:07-cv-36-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (citing cases) (supervisory employees not liable for actions of subordinates or for failing to respond to inmate grievances).

*Interference With Legal Mail*

Plaintiff claims that Officer Pillow should be held responsible for opening his legal mail. *See* Dkt. No. 11 at Question 7. This allegation implicates the constitutional rights of access to the courts and free speech. *See Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir. 1993). However, to state a cognizable claim under Section 1983 for denial of access to the courts, a petitioner must show that his position as a litigant was prejudiced. *See Walker v. Navarro County Jail,* 4 F.3d 410, 413 (5th Cir. 1993). Although Plaintiff suspects that his 75-year prison sentence is somehow related to the opening of his mail, *see* Dkt. No. 11 at Question 8(d), he does not explain with any specificity how Officer Pillow's conduct affected his criminal case. Similarly, a First

Amendment claim does not lie simply because a prison official inspects or peruses a prisoner's legal mail. *See Brewer*, 3 F.3d at 821; *see also Walker*, 4 F.3d at 413 ("Walker's allegation that his incoming legal mail was opened and read but not censored does not rise to the level of a constitutional violation.").

Plaintiff suggests that Officer Pillow should be held responsible for violating Texas jail standards. However, "[t]he mere violation of jail regulations requiring that prison officials not open legal mail does not implicate a prisoner's constitutional rights." *Boan v. Rockwall County Sheriff's Office*, No. 3:11-cv-3437-L, 2012 WL 1899963, at *1 (N.D. Tex. May 10, 2012) (citing *Brewer,* 3 F.3d at 820, 825), *rec. adopted,* 2012 WL 1900900 (N.D. Tex. May 25, 2012). Therefore, this alleged policy violation cannot be remedied in federal court.

*Denial Of Access To The Law Library*

Plaintiff seeks to hold Lieutenant Calender or the Jail itself responsible for denying him access to the law library. *See* Dkt. No. 11 at Questions 9, 11. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972); *Taylor v. Sterrett,* 532 F.2d 462, 470-72 (5th Cir. 1976). However, courts have not extended this right beyond the ability to prepare and

transmit necessary legal documents. *See Wolff,* 418 U.S. at 575-76; *Brewer,* 3 F.3d at 821.

In his interrogatory answers, Plaintiff states that he "could have researched law and not got a 75 yrs" sentence had he been permitted access to the law library. *See* Dkt. No. 11 at Question 9. However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez,* No. 3:08-cv-1237-P, 2008 WL 4491052, at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, Plaintiff has been represented by counsel throughout his criminal case. *See* Dkt. No. 11 at Question 8(c). Consequently, he has failed to state a claim for denial of access to the courts.

*Denial Of Medical Care*

That leaves Plaintiff's claims against Dr. Porter for denial of medical care. This claim is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). This, in turn, requires proof that a state actor was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996) (citing *Farmer v. Brennan,* 511 U.S. 825, 847 (1994)). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.

1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

In his complaint and interrogatory responses, Plaintiff states that Dr. Porter was twice informed that doctors at Baylor Medical Center recommended surgery for Plaintiff's hernia but that Dr. Porter refused to authorize the surgery because it "cost county [too] much money." Dkt. No. 11 at Questions 1, 4, 6. Notwithstanding the serious risk of harm and the pain suffered by Plaintiff, Dr. Porter allegedly denied surgery for a year and denied Plaintiff medication that was prescribed at Baylor. Dkt. No. 11 at Question 6. Without suggesting a view of whether dismissal may be proper in a different procedural context, the Court determines that Plaintiff has alleged enough facts to survive dismissal at this stage of the proceedings.

**Recommendation**

Plaintiff's claims against the Ellis County Jail, Lieutenant Calender, Captain Ogden, and Officer Pillow should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be permitted to proceed on his denial of medical care claim against Dr. Porter.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE